**FILED**

**2008 Oct 20 PM 12:41**

**CLERK U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
TOLEDO**

**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**

Mary Ann Whipple
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| Rettig Enterprises, Inc., | : | Case No. 06-32473-maw |
| | : | |
| Debtor. | : | Judge Mary Ann Whipple |

**<u>ORDER AUTHORIZING DEBTOR'S FURTHER INTERMIM USE OF CASH COLLATERAL</u>**

This case came on for hearing on October 14th, 2008 on the Motion of Rettig Enterprises, Inc. (the "Debtor") for authority to use certain cash collateral ("Motion"). Notice of the hearing on the Debtor's motion, has been given by the Debtor to the United States Trustee, the District Director of the Internal Revenue Service, counsel to RFCBC, Inc., counsel to CadleRock Joint Venture, L.P., First Federal Bank of the Midwest ("Bank"), Office of the US Trustee, and all of the unsecured creditors of the Debtor. It appearing that continued use by the Debtor of cash collateral is in the best interest of the Debtor, its creditors and the Estate and is necessary to permit Debtor's continued operation; and after due deliberation and good and sufficient cause appearing therefore, it is

hereby found and determined:

A. Notice of the motion has been given in accordance with Fed R Bank P 4001, which notice is sufficient under the Bankruptcy Code and the applicable Bankruptcy Rules in respect to the relief requested in the motion.

B. Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code on September 12th, 2006 (the "Petition Date"), and is presently operating as a Debtor in Possession in accordance with §§1 107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

C. Bank is Debtor's primary secured lender. Debtor admits that, as of the Petition Date, it was indebted to Bank, without defense, counterclaim or offset of any kind, in the amount of $488,961.58 (the "Pre-Petition Indebtedness"), exclusive of fees, costs and expenses. The Pre-Petition Indebtedness consists of the following:

(a) A promissory note ("Promissory Note I") executed on December 7, 1998 by the Debtor in favor of The Peoples Banking Company and assigned to the Bank in the original principal amount of $325,000. The balance of Promissory Note I as of the date of the filing of the Debtor's Petition is $216,845.11. Promissory Note I provides that the unpaid principal balance will bear interest at a variable rate (currently 6.77% per annum) in accordance with the terms of Promissory Note I. Promissory Note I further provides that monthly payments of principal and interest the amount of $2,803.55, as adjusted according to the terms of Promissory Note I, are payable beginning January 7, 1999 and on the same day of each consecutive month thereafter. On or about March 1st, 2008, the indebtedness evidenced by Promissory Note I was paid in full.

(b) A promissory note ("Promissory Note II") executed on December 3, 1998 by the Debtor in favor of The Peoples Banking Company and assigned to the Bank in the original principal amount of $275,000. The balance of Promissory Note II as of the date of the filing of the Debtor's Petition is $182,006.44. Promissory Note II provides that the unpaid principal balance will bear interest at a variable rate (currently 6.72% per annum) in accordance with the terms of Promissory Note II. Promissory Note II further provides that monthly payments of principal and interest the amount of $2,481.36, as adjusted according to the terms of Promissory Note II, are payable beginning January 3, 1999 and on the same day of each consecutive month thereafter; and

(c) A promissory note ("Promissory Note III") executed on August 17, 2001 by the Debtor in favor of The Peoples Banking Company and assigned to the Bank in the original principal amount of $150,000. The balance of Promissory Note III as of the date of the filing of

the Debtor's Petition is $90,110.03. Promissory Note III provides that the unpaid principal balance will bear interest at a variable rate (currently 8.75% per annum) in accordance with the terms of Promissory Note III. Promissory Note III further provides that monthly payments of principal and interest the amount of $1,775.89, as adjusted according to the terms of Promissory Note III, are payable beginning September 17, 2001 and on the same day of each consecutive month thereafter.

D. To secure payment of the Pre -Petition Indebtedness, Debtor granted in favor of The Peoples Banking Company, which assigned to the Bank, three, first priority mortgages on the Debtor's real property, along with the assignment of leases and rents, by virtue of paragraphs 8 in Exhibit 1 and 5 and paragraph 13 in Exhibit 9 attached to the Motion, and a first priority security interest and lien, by virtue of the documents attached to the Motion as Exhibits in the following described collateral (the "Bank Collateral"):

(a) All accounts, instruments, documents, chattel paper, general intangibles, contract rights, and rights to payments;

(b) All inventory;

(c) All equipment;

(d) All assets except fixtures;

(e) All accessions, repairs, improvements, accessories to, substitutions for and all replacements, products and cash and non-cash proceeds of the above property; and

(f) Assignments of leases and rents as set forth in mortgages dated December 7, 1998, December 3, 1998, and August 17, 2001 from Debtor in favor of The Peoples Banking Company and assigned to the Bank.

The rents and other proceeds of the Bank Collateral constitute cash collateral as that term is defined in §363(a) of the Bankruptcy Code (the "Cash Collateral").

E. Debtor acknowledges that Bank's security interest and lien in the Bank Collateral is valid, perfected, and enforceable. If a creditors' Committee is formed pursuant to §1102 of the Bankruptcy Code, the Creditors' Committee shall have sixty days to contest or challenge the validity,

perfection or priority of Bank's liens in the Bank Collateral, after which time the Court may enter an order consistent with the Debtor's acknowledgment allowing Bank's claim as a secured claim

F. Debtor and Bank acknowledge that RFCBC, Inc. claims that the real estate owned by the Debtor is currently subject to mortgages in favor of RFCBC, Inc. that are junior to the Bank's mortgages, and Debtor and the Bank acknowledge that this order does not effect the validity or priority of RFCBC, Inc.'s mortgages. This order does not limit the Debtor's right to contest the validity or priority of RFCBC, Inc.'s mortgages.

G. Unpaid interest through the Petition Date on the Bank obligations has been accrued and added to the principal balance. Debtor shall pay to Bank principal and interest on the Bank obligations from the Petition Date and in the amounts at the rates currently set forth in the Bank loan documents, $2,481.36 on Promissory Note II, and $1,775.89 on Promissory Note III.

H. The debts and obligations of the Debtor to Bank which arise under or result from this Order shall be, and they are now, an allowed claim in this case and granted over any and all other administrative expenses of the Debtor of the kind specified in §503(b) or 507(b) of the Bankruptcy Code.

I. The Bank Cash Collateral generated by the Debtor's operations is currently being and will continue to be segregated by the Debtor in accordance with § 363(c)(4) of the Bankruptcy Code, and the Debtor seeks authority in the motion to be permitted to use said Cash Collateral up to the amounts set forth in its Business Income and Expenses filed in this proceeding.

J. The Debtor cannot successfully operate its business unless it can maintain its business operations, pay for necessary services and do the other things it has done in the ordinary course of business.

K. The Debtor does not have sufficient unencumbered cash or other assets with which to continue and operate its business in Chapter 11.

L. The Debtor must have authority to continue to use Cash Collateral in order to continue its operations without interruption.

M. Debtor's use of Cash Collateral to the extent and on the terms and conditions set forth herein is in the best interest of creditors and of the Estate.

Based upon the foregoing findings and it appearing that adequate notice of Debtor's motion under the circumstances having been given to creditors, and for good cause shown, it is hereby ORDERED as follows:

1. Debtor shall segregate and account for all of Bank's Cash Collateral that has since the Petition Date come into its possession, custody, or control. All Cash Collateral shall be deposited immediately upon Debtor's receipt into one or more segregated accounts which shall be established and maintained at Bank.

2. Debtor may not use Bank's Cash Collateral to pay any expenses except in amounts not to exceed those listed below each month:

| | | |
|---|---|---|
| a. Advertising | $ | 25.00 |
| b. Insurance | | 327.18 |
| c. Mortgage & Interest | | 4,257.25 |
| d. A Reserve for Legal & Accounting | | 50.00 |
| e. Maintenance & Repairs (snow removal if needed) | | 400.00 |
| f. Office supplies | | 50.00 |
| g. Postage | | 25.00 |
| h. Taxes | | 507.83 |

| | |
|---|---|
| i. Telephone | 150.00 |
| j. Utilities | 500.00 |
| Total: | $ 6,292.26 |

3. Debtor shall pay to Bank principal and interest on the Bank obligations from the Petition Date and in the amounts at the rates currently set forth in the Bank loan documents, namely monthly payments of $2,481.36 on Promissory Note II, and $1,775.89 on Promissory Note III.

4. The Debtor shall be, and it hereby is, further authorized to execute and deliver to Bank any such documents or other instruments as Bank shall reasonably request in order to effectuate the security interests granted hereby and authorized herein and to perfect the security interests and liens created by same.

5. Bank's existing liens and security interests in all of the Debtor's assets and property, whenever acquired, shall continue, with the exception of all causes of action arising under 11 U.S.C. §§ 544, 545, 547, 548, 549, and 550 with which Bank shall have no lien without further order of this Court. As interim adequate protection for the use of the Bank Cash Collateral and to secure the payment and performance to Bank of all obligations of the Debtor incurred pursuant to this Order and on account of the post-petition liens and security interests granted herein, Bank shall be and it is hereby granted a first and prior replacement lien and security interest (which shall arise whether or not Bank is able to specifically identify the funds or accounts to which Bank's liens and security interests relate or whether or not Bank is able to trace said funds or accounts) in all of the personal and real

property of the Debtor of any description whatsoever, wherever located and whenever arising or acquired, including, without limitation, all leases, rents, cash, accounts, deposits, contract rights, investment property, inventory, equipment, chattel paper, and general intangibles, and all proceeds and products, whether tangible or intangible, of any of the foregoing, including proceeds of insurance covering any of the foregoing, with the exception of all causes of action arising under 11 U.S.C. §§ 544, 545, 547, 548, 549, and 550 with which Bank shall have no lien without further order of this Court. This replacement lien shall be in addition to Bank's pre-petition liens and subject to all other validly and properly perfected, pre-petition liens in favor of third parties. The amount due to Bank shall have priority to the extent allowed by §503(b) of the Code over all administrative expenses of the kind specified in §503(b) or §507(a) of the Code and no costs or administrative expenses which have been or may be incurred in this Chapter 11 case and no priority claims are nor will be prior to or on a parity with the claims of Bank arising out of the Pre-Petition Indebtedness and the post-petition lien in the Cash Collateral granted to Bank under this Order. Subject to further Order of this Court, no costs or expenses of administration shall be imposed against Bank, the claims of Bank, or the Bank Collateral or the Cash Collateral, including, without limitation, under 11 U.S.C. §506(c), or otherwise. Debtor shall not at any time consent to or acquiesce in any other application or proceeding for any other order under 11 U.S.C. § 363 of the Code authorizing the use, sale or lease of property, or any order under 11 U.S.C. § 363 authorizing the obtaining of credit or the incurring of indebtedness secured by liens on any Bank Collateral or the Cash Collateral with priority over or on parity with or greater than the liens of Bank or which grants claim status to another lien on any Bank Collateral or the Cash Collateral with priority over administrative expenses on parity with or greater than the liens of Bank on any Bank Collateral or the Cash Collateral, unless Bank shall have first consented thereto in writing or unless a condition of the granting of relief in such proceeding is that there shall be first paid in full all of the Pre-Petition Indebtedness (or, as to Collateral being sold, to the extent secured by any such Collateral),

or unless otherwise order by the Court.

6. By the 10th of each month, Debtor shall deliver to Bank, legal counsel for the Bank, and the Office of the US Trustee an interim unaudited financial statement consisting of a balance sheet as at the end of the preceding month and an income statement for the preceding month and for the period to date. The Debtor shall also accord Bank or any of its agents, attorneys or representatives, reasonable access to the Debtor's premises, Bank's collateral, accounts and books and records of the Debtor.

7. The liens and security interests granted by this Order shall be, and they are hereby, deemed perfected without the necessity for the filing of the documents otherwise required under state law for the perfection of security interests. Such perfection shall be binding on any subsequently appointed Trustee, either under chapter 11 or any other chapter of the Bankruptcy Code and upon any other creditors of the Debtor who have or may hereafter extend credit to the Debtor. Notwithstanding the foregoing, the Debtor, upon demand by Bank, shall execute and deliver to Bank all documents as shall be reasonably requested by Bank to perfect the security interests granted herein under applicable non-bankruptcy law; and in the event this case is subsequently dismissed so that there is no proceeding pending pursuant to any chapter of the Bankruptcy Code, upon application and order of this Court the Debtor shall be required to provide all documents reasonably requested by Bank for the perfection of the liens and security interests granted by this Order, to be executed in proper form by the Debtor and delivered to Bank.

8. Debtor shall at all times keep the Bank Collateral and the Cash Collateral insured with the insurance company and in the amounts in existence as of the Petition Date and shall cause and

continue to cause Bank to be named as a loss payee and/or additional insured under the policies evidencing such insurance. At Bank's request, Debtor shall furnish to Bank evidence of such insurance coverage.

9. In the event of a material breach of this Order, Bank may apply to this Court for an order terminating the Debtor's use of the Cash Collateral.

10. Unless extended by written stipulation agreed to by Bank and the Debtor , and subject to the exception stated below, the authority to use Cash Collateral granted to Debtor by this Order will expire January 20th, 2009, unless extended by further order of this Court.

11. This Order shall be and is effective on the date it is entered.

12. Nothing contained in this Order shall be deemed a finding with respect to adequate protection (as such term is defined in §361 of the Bankruptcy Code) of the interest of Bank in any collateral, or prejudice the rights of Bank or Debtor to seek other additional relief, including but not limited to relief from the automatic stay.

13. This Order is without prejudice to the rights of Debtor to seek a modification of this Order, an increased use of Cash Collateral, after notice and hearing, and is also without prejudice to the rights of Bank to seek a modification of this Order, and additional adequate protection, after notice and hearing.

IT IS FURTHER ORDERED, and NOTICE IS HEREBY GIVEN, that continued hearing on the motion shall be held on January 20th, 2009 at 1:30 P.M. in Court Room 2.

IT IS FURTHER ORDERED that this Order replaces and supersedes the Order dated August 7th, 2008 and designated on the Court's docket as Document #134.

/s/Matthew Gilmartin____________________________
Attorney for Debtor

/s/Vaughn Hoblet________________________________
Attorney for First Federal Bank of the Midwest

# CERTIFICATE OF NOTICE

District/off: 0647-3 User: mshai Page 1 of 1 Date Rcvd: Oct 20, 2008
Case: 06-32473 Form ID: pdf762 Total Served: 19

The following entities were served by first class mail on Oct 22, 2008.

| | |
|---|---|
| db | +Rettig Enterprises, Inc., 820 N Main St, #4, Findlay, OH 45840-3574 |
| cr | BANK OF AMERICA/FIA CARD SERVICES FORMERLY MBNA, C/O BECKET AND LEE LLP, POB 3001, MALVERN, PA 19355-0701 |
| 16131730 | 20-AEP Ohio, P.O. Box 24401, Canton, OH 44701-4401 |
| 16131733 | +20-AT&T, P.O. Box 9001310, Louisville, KY 40290-1310 |
| 16131735 | +20-BullsEye Telecom, 25900 Greenfield Rd., Suite 330, Oak Park, MI 48237-1267 |
| 16131738 | +20-City of Findlay, Water & Wastewater Department, 136 N. Blanchard Street, Findlay, OH 45840-5808 |
| 16131739 | +20-Columbia Gas, 200 Civic Center Dr, Columbus, OH 43215-4157 |
| 16131741 | +20-Dawn Rettig, 868 South Main Street, Findlay, OH 45840-3004 |
| 16131740 | +20-Dawn Rettig, PO Box 908, Findlay, OH 45839-0908 |
| 16131746 | +20-Internal Revenue Service, 550 Main Street, Cincinnati, OH 45202-3222 |
| 16131747 | +20-J Steve Welton County Treasurer, 300 S Main St, Findlay, OH 45840-3309 |
| 16131751 | +20-MBNA Platnium Plus, PO Box 15463, Wilmington, DE 19850-5463 |
| 16131752 | +20-Ohio Bureau Of Employment Services, 145 S Front St, Columbus, OH 43215-4156 |
| 16131753 | +20-Ohio Bureau of Workers Compensation, 30 E. Broad St, Columbus, OH 43215-3414 |
| 16131755 | 20-Pitney Bowes, 2225 American Dr., Neenah, WI 54956-1005 |
| 16131758 | +20-RF Banking Company, INC, GEMINI, Tower One, 1991 Crooker Rd., #204, Westlake, OH 44145-6971 |
| 16131757 | +20-Rettig Properties, PO Box 908, Findlay, OH 45839-0908 |
| 16131761 | +20-US Bank, PO Box 6353, Fargo, ND 58125-6353 |

The following entities were served by electronic transmission on Oct 21, 2008.

cr +E-mail/Text: megan.young@cadleco.com CadleRock Joint Venture, L.P., 100 North Center Street, Newton Falls, OH 44444-1321

TOTAL: 1

***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****

cr First Federal Bank of the Midwest
cr RFCBC, Inc.

TOTALS: 2, * 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Oct 22, 2008** **Signature:** Joseph Speetjens